[No. 22742. Department Two. March 27, 1931.]

RITZVILLE TRADING COMPANY, *Appellant,* v. HARRINGTON STATE BANK, *Respondent.*[1]

*Miller & Freese,* for appellant.
*Pettijohn & McCallum,* for respondent.

MILLARD, J.—Plaintiff appeals from judgment dismissing an action brought by it to replevy two grain drills.

The appeal presents a disputed question of fact—the date the grain drills were delivered in Lincoln county by the appellant to its vendee. The cause is before us for trial *de novo,* and unless we can determine by our examination of the record that the evidence preponderates against the finding of the trial

[1]Reported in 297 Pac. 190.

court that the drills were in Lincoln county on October 19, 1928, the judgment must be affirmed.

■ The evidence in behalf of the appellant is to the effect that on November 22, 1928, the appellant sold to Alex Dorn, on conditional sale contract, two grain drills which were on that date delivered to the vendee in Lincoln county. Two days later, November 24, 1928, the contract was placed of record in the office of the auditor of Lincoln county. Appellant contends that its records (ledger sheets, etc.) clearly establish, together with testimony of its witnesses, that the drills were not delivered to Dorn by it prior to November 22, 1928.

On October 19, 1928, Dorn borrowed from the respondent bank eleven hundred dollars, to secure the payment of which he gave to the bank a chattel mortgage on certain personal property, including the drills which are the subject-matter of this controversy. The mortgage was filed within the prescribed statutory period. The cashier of respondent bank testified that, the day the loan was made and the mortgage executed, he visited the farm of Dorn in Lincoln county, inspected the personal property which was security for the loan; that the two drills, which were included in the personal property mortgaged, were seen by him on the Dorn farm at that time. The cashier listed the drills and other personal property, took the list back to the bank, incorporated it in the mortgage, which was read to Mr. Dorn and executed the same day. Other witnesses testified that, a few days prior to October 27, 1928, they saw the drills on Dorn's farm in Lincoln county.

In September, 1929, Dorn filed a petition in bankruptcy, whereupon respondent commenced an action to foreclose its mortgage, and appellant instituted an action in replevin, resulting as stated above.

If the grain drills were in Lincoln county in possession of Dorn October 19, 1928, when he gave a mortgage on same to the respondent, appellant's conditional sale contract executed November 22, 1928, is not valid as against the respondent mortgagee.

The evidence is sharply conflicting as to the date the drills came into possession of Dorn. Appellant is positive that the drills were not delivered until November 22, 1928, while respondent is equally as positive that the drills were on Dorn's farm October 19, 1928. Respondent's cashier saw the drills at that place on that date. We can not see how the cashier could have made an honest mistake as to this. Dorn may have purchased the drills through one of appellant's salesmen in October, at which time Dorn may have told the salesman that he would pay cash within thirty days. The salesman may have held that on memorandum, but, the money not coming as promised, the salesman put the slip through. The book entry, under such circumstances, would have been made in November, and the conditional sale contract executed at the same time. The salesman may have had no intention of selling the drills to Dorn and charging it on the books. This is a reasonable explanation of the delivery of the drills a month prior to the execution of the conditional sale contract. We cannot say that the evidence preponderates against the findings.

Appellant next assigns as error the denial of the motion for a new trial on the ground of newly discovered evidence. The affidavits in support of the motion were contradicted by counter affidavits of the respondent. Appellant made no showing that the newly discovered evidence could not with reasonable diligence have been discovered and produced at the trial. The new evidence is cumulative, and tends to impeach certain of respondent's witnesses, particularly one as

to the location of the shed in which it was testified the drills were located in October, 1928.

The affidavits were considered on the motion for a new trial by the trial judge who heard the testimony at the trial, and he no doubt denied the motion because the newly discovered evidence was merely cumulative and impeaching in character. There was no abuse of discretion in refusing a new trial.

The judgment is affirmed.

TOLMAN, C. J., BEELER, BEALS, and FULLERTON, JJ., concur.